IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NORINE JOAQUIN, #A0763441, | ) | CIVIL NO. 11-00107 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING ACTION; ORDER |
| vs. | ) | DENYING *IN FORMA PAUPERIS* |
| | ) | APPLICATION |
| KESSNER, UMEBAYASHI, BAIN & | ) | |
| MATSUNAGA; CARE OF THE | ) | |
| ESTATE OF CRAIG KIMSEL | ) | |
| ATTORNEY-AT-LAW (DECEASED), | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING ACTION; ORDER
DENYING *IN FORMA PAUPERIS* APPLICATION**

On February 18, 2011, *pro se* plaintiff Norine Joaquin, a Hawaii state prisoner incarcerated at the Women's Community Correctional Center ("WCCC"), filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983, and *in forma pauperis* ("IFP") application. Joaquin names the law firm of Kessner, Umebayashi, Bain & Matsunaga ("Kessner law firm") and the Estate of Craig Kimsel (deceased) as defendants to this suit.[1] The IFP application is DENIED and this action is DISMISSED WITH PREJUDICE as detailed below, for failure to state a claim. This dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g).

---

[1] Joaquin states that the Kessner law firm represents the Estate of Craig Kimsel.

## I. LEGAL STANDARD

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2). If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## II. THE COMPLAINT'S ALLEGATIONS

Joaquin presents two claims in her complaint. First, she alleges "ineffective counsel" against Craig Kimsel. She states that she entered into a legal retainer with Kimsel under the assurance that the monies she paid would include legal representation until sentencing. Joaquin also states that Kimsel assured her that he had obtained a plea deal but that he passed away before sentencing. She alleges that she was left unprepared for sentencing and without paid counsel.

Second, Joaquin alleges "dishonest conduct by counsel" against Kimsel. She states that Kimsel advised her to plead

guilty "because he had obtained a plea deal of probation and full restitution." Joaquin states that Kimsel instructed her to have a "fair and sizable" amount of money available at sentencing to pay any ordered restitution. She states that Kimsel's instruction led her to borrow monies from others on the basis that she would be able to repay those monies from her employment. Joaquin alleges that Kimsel's actions left her unprepared for incarceration and without means to repay the monies she had borrowed. Joaquin seeks damages in the amount of $11,000.

### III. Discussion

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). The Constitution protects individual rights only from government action, and not from private action; it is only when the government is responsible for the specific conduct of which the plaintiff complains that individual constitutional rights are implicated. *Single Moms, Inc. v. Montana Power*

*Company*, 331 F.3d 743, 746-47 (9th Cir. 2003). Thus, a § 1983 plaintiff must show that a defendant's actions are fairly attributable to the government, which generally involves significant state involvement in the action in question. *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir.2002).

The Complaint is void of any allegation that Kimsel or the Kessner law firm are state actors or that they acted under color of state law. More importantly, the Ninth Circuit has "repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act." *Briley v. Cal.*, 564 F.2d 849, 855 (9th Cir. 1977). Therefore, Joaquin fails to state a § 1983 claim against Defendants upon which relief can be granted.

Moreover, Joaquin's damages claim related to ineffective assistance of counsel is not cognizable in this action and appear premature. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, any claim for

damages bearing on that relationship to a conviction or sentence that has not been so invalidated is not cognizable.  *Id.* at 487.  *Heck* makes it clear, that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  *Id.* at 489-90 (footnote omitted).

Insofar as Joaquin is challenging the legality of her incarceration in this action, it is clear that her current sentence has not yet been reversed, expunged or invalidated.  Before Joaquin may seek damages on such a claim, she must first successfully challenge her allegedly illegal sentence in a state or federal action.  This she has not done.  Accordingly, Joaquin's claim is not cognizable in this § 1983 action and is barred by *Heck*.

Further, Joaquin is currently in the process of challenging her sentence in state court.  *See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki/JSAPM51F1.jsp.  Thus, any federal habeas action brought by Joaquin at this time would be dismissed as unexhausted.  *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964).

Finally, Joaquin's IFP application does not contain her prison or jail trust account statement showing the previous six-month withdrawals and deposits to his account.  *See* 28 U.S.C.

5

§ 1915(a)(2). Joaquin's IFP application is incomplete and therefore DENIED.

## IV. CONCLUSION

1. This action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) & 1915(e)(2). This dismissal is without leave to amend and is with prejudice.

2. This dismissal shall constitute a strike pursuant to 28 U.S.C. § 1915(g).

3. The IFP application is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 7, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Joaquin v. Kessner, Umebayashi, Bain & Matsunaga, et al.* CV11-000107 LEK-KSC prose attys\Screening\PWM\Joaquin 11-107 LEK (ftsc, improper ds)